26 C.C.P.A. (Patents)

## In re COSTER.
## Patent Appeal No. 4055.

Court of Customs and Patent Appeals.
March 27, 1939.

Jeffery, Kimball & Eggleston, of New York City (II. G. Kimball, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 6 in appellant's application for a patent for an alleged invention relating to improvements in underground valves.

The claim reads as follows:

"6. In underground pipe and valve equipment of the kind comprising a buried valve and narrow access tube, the latter having a cover at the ground surface and leading therefrom to said valve and being wholly independent of and unattached to said valve and of such dimensions as to preclude personal entry, the spindle of said valve having a head of angular cross section, disposed at the lower end of said access tube in a position to receive a valve key guided thereto by said tube, the combination of a gland-tightening nut for said spindle concentrically mounted on the valve and wholly disposed within and at the lower end of said access tube, one or more radial lugs on the nut extending horizontally outward therefrom beyond the limits of the spindle head and within the projected cross-area of the narrowest part of said tube and in line with the annular space between said tube and spindle head, so that a flange-[gland-] tightening tool inserted through said space, will be guided by the tube and the spindle head into engagement therewith."

The references relied upon are: Van Kannel, 97,835, Dec. 14, 1869; Finch (Br.), 11,241, Apr. 30, 1898; O'Brien, 694,298, Feb. 25, 1902; Hine, 1,120,144, Dec. 8, 1914; LeDuc, 1,890,618, Dec. 13, 1932.

Appellant's application discloses an underground valve and a valve spindle head having a squared or angular cross-section over which a valve key may be fitted for the purpose of opening or closing the valve, and a gland or stuffing box having a gland-tightening nut "wider than the spindle head, or if not wider, is formed with radial lugs * * * which extend beyond the limits of the [spindle] head." The valve spindle head (admittedly old) and the gland-tightening nut are so arranged that a gland-tightening tool may be passed over the spindle head and into engagement with the gland-tightening nut for the purpose of loosening or tightening the gland. Appellant's device is provided with an access tube which leads from the surface of the ground to the valve. The access tube and the spindle head serve to guide the gland-tightening tool into its operative position. The valve key and the gland-tightening tool are manipulated from the surface of the ground.

Appellant claims that prior to his invention the sole function of an access tube was to permit the use of a so-called "shut-off tool"; that, if a leak occurred because of shrinkage of the packing, it could be remedied only "by digging down to the valve"; and that such an operation was expensive.

Although it was old in the art as disclosed in the patents to O'Brien, Van Kannel, and the British patent to Finch to introduce tools through access tubes from the surface of the ground for the purpose of opening and closing underground valves, there is nothing in those patents to indicate that the patentees had in mind an arrangement whereby the packing gland could be tightened from the surface of the ground.

The patent to LeDuc discloses an underground valve of the same general type as that disclosed by appellant. The patentee also discloses an access tube through which a valve key *could* be inserted for the purpose of opening and closing the valve from the surface of the ground, although the patent contains no reference to such a fea-

ture, nor is mention made therein of a valve-packing gland or a packing-gland-tightening nut, the patentee being concerned only with an improved housing for the upper end of a "stop valve box."

With reference to the LeDuc patent, the Primary Examiner stated that "A hexagonal packing gland nut surrounds the valve stem." The correctness of that statement is challenged by counsel for appellant, who argue that there is nothing in the patent to indicate that the "hexagon-shaped part is a gland nut," and it is urged by counsel that such hexagon-shaped part was probably intended to indicate a cover for the valve body.

The patent to Hine discloses an underground valve with a packing device adjacent the valve body. The patentee states that the packing device is composed of two parts, "one of which serves as a stuffing box and the other as a gland arranged to enter the stuffing box, the space within the stuffing box being arranged to receive any suitable kind of packing."

The patentee discloses a superstructure built above an underground valve. It includes an "adjusting gland" at or near the surface of the ground, which "bears upon the outer end of the stuffing box stem." The structure is so arranged that the packing gland can either be adjusted from above the ground, or drawn up to the surface of the ground through an access tube.

The Primary Examiner described the Hine patent as follows:

"The patent to Hine shows in Fig. 1 a hydrant comprising an underground valve 1 having a stem 4 which is actuated by a socket number 15 and rod 16 which extends above the ground level. The stem 4 is provided with a compressible packing which is adapted to be adjusted or replaced from above the ground level and without digging up the valve. Such adjustment is accomplished by a tightening or loosening of bolts 13 (see Fig. 3) which causes tubular member 9 and packing gland 8 to increase or decrease the compression of the packing.

"In Fig. 5 of this patent to Hine is shown a modification in which the value casing terminates substantially flush with the ground surface as in appellant's device. The valve is actuated by means of a wrench applied to rod 16. However, it should be noted that the rod 16 and socket piece 15 together constitute a long-shanked key or wrench which engages the polygonal upper end of the valve stem 4. In this form of the device the compression of the packing is adjusted from above the ground level and without disturbing the valve in the same manner as in the form above described."

The patentee Hine undoubtedly recognized the problem confronting the art. However, his structure is so complicated that it would seem to have but little, if any, practical value. But however that may be, it certainly does not suggest the simple and efficient device defined by the appealed claim.

In its decision, the Board of Appeals assumed the hexagon-shaped part in the LeDuc patent to be a gland-tightening nut, and stated that, although the patentee's access tube was not large enough to permit tightening the gland nut from the surface of the ground, it would be obvious to enlarge the access tube so that the hexagon-shaped part would be accessible from the surface of the ground, and to provide the necessary gland-tightening tool. The board made no reference to the Hine patent, other than to say, in substance, that it was old in the art, as shown by that reference, "to provide for the adjustment of a packing gland without excavating the valve." In concluding its decision, the board said: "Appellant's proposal is doubtless of considerable practical value to the art and is apparently not anticipated, but we feel that it does not rise to the dignity of invention."

The hexagon-shaped part surrounding the valve stem in the LeDuc patent is neither described nor referred to in the patentee's written specification, nor does it have any reference character in the drawings. The patentee was undoubtedly skilled in the art of underground valves, and familiar with the problems confronting that art. If, as assumed by the tribunals of the Patent Office, the patentee had in mind that the hexagon-shaped part was a packing-gland-tightening nut, it seems strange indeed that he did not recognize that a problem long confronting the art (that of providing a simple and inexpensive device so constructed that the packing gland could be tightened from the surface of the ground) would be solved by merely enlarging his access tube to accommodate a proper wrench or key.

We are of opinion that the board's assumption that the patentee had in mind that the hexagon-shaped part was a packing-gland-tightening nut is not warranted by the facts and circumstances appearing

of record, and is, in effect, the building up of the reference structure in the light of appellant's disclosure.

In our opinion appellant's device is not suggested by the references of record, is admittedly new and of considerable practical value to the art, and involves invention.

Accordingly, the decision of the Board of Appeals is reversed.

Reversed.